Case 2:21-cv-00129   Document 18   Filed on 09/22/21 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
September 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FREDERICK E REED, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-129 |
| | § | |
| OLUFOLAKE OGUNLADE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO RETAIN CASE AND DISMISS CERTAIN CLAIMS**

Plaintiff Frederick E. Reed, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

Plaintiff has stated for purposes of screening a deliberate indifference claim against **Medical Provider Olufolake Ogunlade** in her individual capacity. Accordingly, it is respectfully recommended that this claim be **RETAINED.** The undersigned will order service on this defendant.

For the reasons set forth below, the undersigned further recommends that: (1) Plaintiff's claims for money damages against **Medical Provider Ogunlade and Warden Joel Guana** in their official capacities be **DISMISSED with prejudice** as barred by the Eleventh Amendment; (2) Plaintiff's claim against **the Texas Department of Criminal**

**Justice (TDCJ)** be **DISMISSED with prejudice** as barred by the Eleventh Amendment; and (3) Plaintiff's deliberate indifference claim against **Warden Guana** in his individual capacity be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is housed at the Terrell Unit in Rosharon, Texas. Plaintiff's allegations in this case arise in connection with his previous housing assignment at the Garza West Unit in Beeville, Texas.

Plaintiff sues the following defendants in this action: (1) Olufolake Ogunlade, Medical Provider at the Garza West Unit; (2) Joel Guana, Warden at the Garza West Unit; and (3) the TDCJ. (D.E. 6, p. 3). Plaintiff claims that Defendants acted with deliberate indifference to his serious medical needs in failing to treat his right foot adequately. Plaintiff sues the individual defendants in their individual and official capacities. He seeks monetary relief.

On September 8, 2021, the undersigned conducted a *Spears*[1] hearing where Plaintiff was given an opportunity to explain his deliberate indifference claims. The following representations were made either in Plaintiff's Original Complaint (D.E. 6) or at the *Spears* hearing. At the time of the *Spears* hearing, Plaintiff was 39 years old. He is 5'6" tall and weighs 217 pounds. Plaintiff arrived at the Garza West Unit on June 26, 2019. Plaintiff was housed at the Garza West Unit for twenty to twenty-one months before being transferred to another unit.

On April 11, 2020, Plaintiff awoke with his right foot swollen and his second toe leaking pus and blood. Plaintiff believes he was bitten by a spider while he was sleeping. (D.E. 16, pp. 6-7). Plaintiff immediately notified the officers on duty that he needed medical attention. Medical officials told Plaintiff that he would need to submit a sick call. In the following days, Plaintiff attempted to get emergency care for his foot and infected toe but to no avail.

Plaintiff submitted a sick call request on April 17, 2020. He waited six days because he had been trying to get immediate medical care on an emergency basis. (D.E. 16, p. 8). Plaintiff did not think he would have been seen sooner by submitting a sick call immediately after April 11, 2020. Plaintiff was never treated in person by a medical provider. Plaintiff testified that, on April 19, 2020, Medical Provider Ogunlade ordered crutches for Plaintiff without physically examining Plaintiff. (D.E. 16, p. 12).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff's right toe and foot worsened from April 11 to April 22, 2020, with swelling going up his leg, blistering of his foot, and steady leaking and bleeding. (D.E. 16, p. 12). At some point, Medical Provider Ogunlade ordered pain medication and antibiotics for Plaintiff despite not seeing Plaintiff. Plaintiff, however, was not provided with wound care. (D.E. 16, pp. 13-14). After receiving crutches, Plaintiff was told to keep his wound clean. Due to the pain, Plaintiff was not able to keep his wound clean by himself. Plaintiff received no bandages or wrappings for his right foot.

Plaintiff testified that Medical Provider Ogunlade was responsible for failing to treat Plaintiff in an adequate fashion after April 19, 2020. (D.E. 17, p. 17). Plaintiff alleges she was the decisionmaker with regard to Plaintiff's treatment during this time period. Plaintiff was simply advised by the medical staff to just take the prescribed medicine.

At some point between April 19 and April 22, 2020, a prison sergeant took Plaintiff to the prison medical department after observing Plaintiff's right foot. (D.E. 16, p. 9). Because no medical staff was present at night, Plaintiff was seen remotely by a nurse. The nurse informed Plaintiff that his medical issue was not an emergency but recommended that Plaintiff see the medical provider the next day. (D.E. 16, p. 11).

Plaintiff testified that he was seen in person at the prison medical department on April 22, 2020. On that day, Plaintiff was dehydrated and in pain as his right foot worsened. Medical Provider Ogunlade was not present. Plaintiff's vitals were taken, and he was directed to be returned to his cell. The unit's medical director, Dr. Cheng, walked

by Plaintiff and observed his right foot. Dr. Cheng immediately advised his medical staff to transport Plaintiff to the emergency room. (D.E. 16, p. 18).

At the Beeville Hospital, the emergency room doctor informed Plaintiff that one or two of his toes would be amputated due to an extreme staph infection. (D.E. 16, p. 19). An MRI was taken on April 23, 2020, after which Plaintiff's second toe on his right foot was amputated. Plaintiff testified that, while his wound has healed, he has problems with his right ankle. (D.E. 16, p. 19). The loss of his right toe has affected his balance and walking.

Plaintiff sues Warden Guana because he knew about Plaintiff's medical issues and failed to step in and help Plaintiff. (D.E. 16, pp. 21-22). Plaintiff sues the TDCJ because it is "above the warden" and has entered into a contract with the University of Texas Medical Branch to provide inmates with medical services. (D.E. 16, p. 22).

### III.  LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an

indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of

state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV. **DISCUSSION**

A. **Eleventh Amendment Immunity and Official Capacity**

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent that Plaintiff sues Defendants Ogunlade and Guana in their official capacities for money damages, those claims are barred by the Eleventh Amendment.

Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants Ogunlade and Guana in their official capacities be dismissed with prejudice.

Plaintiff names the TDCJ as a defendant in this case. The Eleventh Amendment bars suit against state entities such as the TDCJ regardless of whether money damages or injunctive relief is sought under § 1983. *See Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Clay v. Texas Women's University*, 728 F.2d 714, 715-16 (5th Cir. 1984). Accordingly, it is respectfully recommended that Plaintiff's § 1983 claims against the TDCJ be dismissed with prejudice.

### B. Deliberate Indifference to Serious Medical Needs

Plaintiff claims that Defendants Ogunlade and Guana acted with deliberate indifference to his serious medical needs related to his right foot. An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the

inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm.*" *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis in original).

### (1) Medical Provider Ogunlade

Plaintiff alleges that: (1) on April 11, 2020, Plaintiff awoke with his right foot swollen and his second toe leaking pus and blood; (2) in the following days, Plaintiff attempted to get emergency care for his foot and infected toe but to no avail; (3) after submitting a sick call request on April 17, 2020, Plaintiff was never treated in person by Medical Provider Ogunlade, who was the decisionmaker for Plaintiff's treatment; (4) on April 19, 2020, Medical Provider Ogunlade ordered crutches for Plaintiff without physically examining Plaintiff; (5) at some point, Medical Provider Ogunlade ordered pain medication and antibiotics for Plaintiff despite not seeing Plaintiff; (6) Medical

Provider Ogunlade did not order wound care for Plaintiff or provide him with bandages or wrappings for his right foot; (7) Plaintiff's right toe and foot worsened from April 11 to April 22, 2020, with swelling going up his leg, blistering of his foot, and steady leaking and bleeding; (8) Medical Provider Ogunlade was not present when Plaintiff was seen by medical on April 22, 2020; (9) on that day, the unit's medical director walked by Plaintiff and noticed that Plaintiff's right foot condition required immediate treatment in the hospital's emergency room; and (10) Plaintiff's second toe on the right foot was amputated at the Beeville Hospital due to an extreme staph infection.

Plaintiff's allegations, accepted as true, suggest that Medical Director Ogunlade may have acted with deliberate indifference to Plaintiff's serious medical needs by failing to ascertain the seriousness of Plaintiff's right foot condition through an in-person examination and then treat Plaintiff's infected toe in a manner that would have saved it from amputation. Accordingly, the undersigned recommends that Plaintiff's deliberate indifference claim against Medical Director Ogunlade be retained against her in her individual capacity.

### (2) Warden Guana

Plaintiff alleges that Warden Guana knew about Plaintiff's medical issues but failed to step in and help Plaintiff. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir. 1987). *See also Carnaby v. City of*

*Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677).

Plaintiff attempts to sue Warden Guana in his supervisory capacity. He alleges nothing in his Original Complaint or testimony at the *Spears* hearing to suggest that he had any personal involvement with regard to treating Plaintiff's right foot condition. Plaintiff further alleges nothing to indicate that Warden Guana engaged in any behavior to create supervisory liability. The undersigned respectfully recommends, therefore, that Plaintiff's deliberate indifference claim against Warden Guana in his supervisory capacity be dismissed with prejudice for failure to state a claim.

## V. RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that the Court **RETAIN** Plaintiff's Eighth Amendment claim of deliberate indifference against **Medical Provider Ogunlade** in her individual capacity. The undersigned will order service as to this defendant by separate order.

The undersigned further recommends that: (1) Plaintiff's claims for money damages against **Medical Provider Ogunlade and Warden Guana** in their official capacities be **DISMISSED with prejudice** as barred by the Eleventh Amendment; (2) Plaintiff's claim against **the TDCJ** be **DISMISSED with prejudice** as barred by the Eleventh Amendment; and (3) Plaintiff's deliberate indifference claim against **Warden Guana** in his individual capacity be **DISMISSED with prejudice** for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 22nd day of September, 2021.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).